UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STEVEN MATZURA, individually and on behalf of all other persons similarly situated,

                  Plaintiff,

-v-

RED LOBSTER HOSPITALITY LLC,

                  Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/6/2020

No. 19-cv-9929 (MKV)
OPINION AND ORDER
GRANTING MOTION TO DISMISS

MARY KAY VYSKOCIL, District Judge:

       Plaintiff Steven Matzura brings this putative class action against Defendant Red Lobster Hospitality LLC ("Red Lobster") alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181, *et seq.*, the New York State Human Rights Law, ("NYSHRL"), N.Y. EXEC. LAW §§ 290, *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. ADMIN. CODE §§ 8-101, *et seq.*  Matzura, who is blind, alleges that Red Lobster discriminates against him because it does not sell gift cards with braille or another auxiliary aid. Red Lobster moves to dismiss the First Amended Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  Because Plaintiff failed to establish standing to bring this action, the motion to dismiss is GRANTED.

                              **I.**      **BACKGROUND**[1]

    Defendant Red Lobster Hospitality LLC owns and operates an international chain of restaurants under the name "Red Lobster."  FAC ¶¶ 26–27.  It sells "pre-paid cash cards,

---

[1] The facts are taken from the First Amended Complaint [ECF #19], hereinafter "FAC."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[F]or the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true.").

colloquially referred [to] as '. . . gift cards'" that may be purchased and used at any Red Lobster restaurant in place of cash or credit cards. *Id*. ¶ 4. On October 22, 2019, Plaintiff called the customer service line of Red Lobster and asked if it sold "gift cards containing Braille." *Id*. ¶ 16. He was told that the company does not (*Id*. ¶ 16), and he has been otherwise unable to locate blind-accessible gift cards from Red Lobster (*Id*. ¶ 18). Matzura alleges that he "has been a customer at Defendant's stores on prior occasions and intends to immediately purchase at least one store gift card from the Defendant as soon as the Defendant sells store gift cards that are accessible to the blind and utilize it at Defendant's restaurant." *Id*. ¶ 21.

Matzura filed his initial complaint on October 25, 2019 [ECF #1], which Red Lobster moved to dismiss on January 21, 2020 [ECF #10]. In its brief in support of that motion, Red Lobster argued that the Court should dismiss the complaint because Matzura lacked standing, among other reasons [ECF #11 at 20–24].

Rather than oppose Red Lobster's motion to dismiss, Matzura filed the First Amended Complaint, on February 10, 2020 [ECF #19]. Like his initial complaint, the FAC seeks an injunction requiring Red Lobster to sell gift cards accessible to the blind by means of braille or some other auxiliary aid as well as compensatory and punitive damages, and attorneys' fees. Red Lobster again moved to dismiss the First Amended Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and filed a memorandum in support of that motion [ECF #24, 25 ("Def. Mem.")]. Thereafter, Matzura filed a brief in opposition [ECF #36], and Red Lobster filed a reply [ECF #41]. A collection of industry groups sought and was granted leave to file an amicus brief [ECF #33]. Plaintiff submitted a separate brief in opposition to the amicus brief [ECF #40].

This is, of course, not the only case in this district seeking braille gift cards. On April 27, 2020, Red Lobster filed a Notice of Supplemental Authority, drawing the Court's attention to the decision of another judge in this district granting a motion to dismiss a similar complaint against a retail establishment, *Yovanny Dominguez v. Banana Republic LLC*, 19-cv-10171 (GHW), __ F. Supp. 3d __, 2020 WL 1950496 (S.D.N.Y. Apr. 23, 2020) [ECF# 42]. Later, Red Lobster filed a second Notice of Supplemental Authority in which another judge in this district granted, on somewhat different grounds, motions to dismiss four more substantially identical complaints, *Yovanny Dominguez v. Taco Bell Corp*, 19-cv-10172 (LGS); *Victor Lopez v. Darden Restaurants*, d/b/a *Longhorn Steakhouse*, 19-cv-9888 (LGS); *Victor Lopez v. Williams-Sonoma Stores, Inc.*, 19-cv-11770 (LGS); and *Marcos Calcano v. Vineyard Vines, LLC*, 19-cv-11228 (LGS) [ECF# 32]. On June 22, 2020, this Court granted a motion to dismiss in yet another mirror image of the present case. *Yovanny Dominguez v. Grand Lux Café, LLC*, 19-cv-10345. For the reasons that follow, Plaintiff's First Amended Complaint is dismissed for lack of standing.

## II.   DISCUSSION

The Court must dismiss the First Amended Complaint because Matzura has failed to establish standing to assert claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181, *et seq*. His non-ADA claims fail for the same reasons. *Mendez v. Apple Inc.*, No. 18-cv-7550 (LAP), 2019 WL 2611168, at *4 (S.D.N.Y. Mar. 28, 2019) ("New York State and City claims are governed by the same standing requirements as the ADA.")  Where a plaintiff lacks standing to bring the action, then the court must dismiss the case under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *Cortlandt St. Recovery Corp. v. Hellas Telecomm.*, 790 F.3d 411, 416–17 (2d Cir. 2015); *see also Spokeo, Inc. v. Robins*, 578 U.S. ___,

136 S. Ct. 1540, 1547 (2016).  Because Matzura lacks standing, the Court need not reach the merits of his allegations under Fed. R. Civ. P. 12(b)(6).  *Ross v. Bank of America, N.A. (USA)*, 524 F.3d 217, 222 (2d Cir. 2008) ("Standing is 'the threshold question in every federal case, determining the power of the court to entertain the suit.'") (quoting *Denney v. Deutsche Bank AG*, 443 F.3d 253, 263 (2d Cir. 2006)).

The Supreme Court has held that to establish standing, a plaintiff must allege three required elements.  *Spokeo, Inc.*, 136 S. Ct. at 1547.  "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Id.*  When the plaintiff seeks injunctive relief, he must establish a "real and immediate threat of future injury."  *Shain v. Ellison*, 356 F.3d 211, 215 (2d Cir. 2004).  Past injury alone is insufficient.  *Id.*  In the ADA context, the Second Circuit has found the allegations sufficient to establish standing where: "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' restaurants to plaintiff's home, that plaintiff intended to return to the subject location."  *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013) (citing *Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d Cir. 2008)).

As the party invoking jurisdiction, the plaintiff bears the burden of establishing standing.  *Spokeo, Inc.*, 136 S. Ct. at 1547.  "[A]t the pleading stage, the plaintiff must 'clearly allege facts demonstrating' each element."  *Id*. (alteration omitted) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).  Indeed, he must "alleg[e] facts that affirmatively and *plausibly* suggest" that he satisfies each requirement of standing.  *Hellas Telecomm.*, 790 F.3d at 417 (emphasis added)

4

(internal quotation marks and citation omitted).  In ruling on a Rule 12 motion, a district court must "accept as true all non-conclusory factual allegations in the complaint."  *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 156 (2d Cir. 2012).  But it "need not credit a complaint's conclusory statements without reference to its factual context."  *Amidax Trading Group v. S.W.I.F.T. SCR*, 671 F.3d 140, 146 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009)).

In this case, as in all ADA cases, factual evidence of Plaintiff's intent to return is essential for establishing the likelihood of future injury required for injunctive relief.  Intent to return is a "highly fact-sensitive inquiry."  *Bernstein v. City of New York*, 621 F. App'x 56, 59 (2d Cir. 2015) (citing *Kreisler*, 731 F.3d at 187–88; *Camarillo*, 518 F.3d at 158).  The plaintiff must allege specific facts that "show a plausible intention or desire to return to the place but for the barriers to access."  *Small v. Gen. Nutrition Companies, Inc.*, 388 F. Supp. 2d 83, 86 (E.D.N.Y. 2005).  Merely asserting an "[i]ntent to return to the place of injury 'some day,'" when alleged the barriers have been rectified, "is insufficient."  *Id.* at 87 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992)) ("'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the 'actual or imminent' injury"); *see also, e.g.*, *Feltzin v. Stone Equities, LLC*, No. 16-cv-6457 (SJF) (AKT), 2018 WL 1115135, at *11 (E.D.N.Y. Feb. 8, 2018) (finding no plausible intent to return where the complaint merely asserted that the plaintiff planned to return once the defendant corrected barriers to access).

Matzura has failed to establish standing under the ADA because he does not offer sufficient "non-conclusory factual allegations" demonstrating a plausible intention to return to a Red Lobster restaurant.  *NECA-IBEW Health & Welfare Fund*, 693 F.3d at 156.  Instead, the

First Amended Complaint makes the entirely conclusory assertion, that Matzura "intends to immediately purchase at least one store gift card from the Defendant as soon as the Defendant sells store gift cards that are accessible to the blind and utilize it at Defendant's restaurant." FAC ¶ 21. Matzura fails to offer sufficient "factual context" to sustain his complaint. *Amidax Trading Group*, 671 F.3d at 146. The other elements of ADA standing are similarly light on detail.

For example, the First Amended Complaint alleges that Matzura "has been a customer at Defendant's stores on prior occasions." *Id.* at ¶ 21. The First Amended Complaint also says nothing about when Matzura allegedly visited a Red Lobster restaurant, or the number of "prior occasions" on which he was a customer, or how long it has been, or which location he visited. *See Triangle Properties #1, LLC* 2016 WL 11599264, at *5 (dismissing ADA case on standing grounds where complaint offered little "[b]eyond noting a specific date on which [the plaintiff] allegedly visited the subject premises"). It also states that Matzura "resides on 23rd Street" in New York City, which it describes as "close" to the Red Lobster restaurant in Times Square. *Id*. ¶ 25. However, the complaint does not specify where on 23rd Street – which runs the width of Manhattan – Plaintiff resides, or whether he routinely travels to Times Square, often avoided by resident New Yorkers due to the density of tourists. *C.f. Kreisler*, 731 F.3d at 186, 188 (finding intent to return where plaintiff "live[d] within several blocks of the Diner" in question and "passe[d] by it three to four times a week"). Such generic, conclusory statements are insufficient. *Amidax Trading Group*, 671 F.3d at 146; *see also Yovanny Matzura v. Banana Republic LLC*, 2020 WL 1950496 at *4; *Feltzin v. Triangle Properties #1, LLC*, No. 14-cv-5131 (JMA) (ARL), 2016 WL 11599264, at *5 (E.D.N.Y. Dec. 15, 2016); *Stone Equities, LLC*, 2018 WL 1115135, at *11; *Castillo v. The John Gore Org., Inc.*, No. 19-cv-388 (ARR) (PK), 2019 WL 6033088, at *6 (E.D.N.Y. Nov. 14, 2019); *but see Yovanny Matzura v. Taco Bell Corp*, 19-

6

cv-10172 (LGS) (finding the bare assertion that the plaintiff intends to return "plausible" in the light of the "broad[] appeal" of the restaurant chain in question). Matzura thus offers no plausible basis for the inference that he "intend[s] to return to the subject location," in Times Square or elsewhere. *Kreisler*, 731 F.3d at 188.

Even if Matuzra had sufficiently alleged an intent to return, to establish standing he must allege facts plausibly establishing a barrier or other deterrent to his doing so. *See id.* The First Amended Complaint does not explain *how* Red Lobster's failure to sell braille (or otherwise blind-accessible) gift cards creates a barrier to accessing a restaurant. Moreover, a "gift card" is, as its name signals, typically given to another person, and as such, by its very nature, is not typically understood to facilitate the buyer's frequenting an establishment. Of course, nothing precludes a plaintiff from filing a test case, but that does not obviate the need to establish standing, including that Plaintiff has personally suffered a constitutionally sufficient injury-in-fact under the ADA. *Triangle Properties*, 2016 WL 11599264, at *3; *see also Perdum Forest City Ratner Cos.*, 174 F. Supp. 3d 706, 714–15 (E.D.N.Y. 2016) (explaining that an injury in fact under the ADA requires that the plaintiff "personally" encountered the barrier to access or was deterred from visiting the place of public accommodation).

Rather than alleging a particularized injury consisting of past barriers to accessing a specific Red Lobster restaurant and a plausible intent to return to one in the future, Matzura filed a generic complaint objecting to the failure of Defendant restaurant chain to sell braille gift cards. Indeed, Matzura has filed dozens of substantially identical complaints in this district against various retail and dining establishments or restaurant chains. Def. Mem. at 1, 23 (counting "more than 100 class action complaints in this court premised on ADA violations" since June 2017, as well as five others filed on the same day as this complaint). "There is

7

nothing inherently wrong with filing duplicative lawsuits against multiple defendants if the harms to be remedied do exist and are indeed identical. But those who live by the photocopier shall die by the photocopier" where they "fail[] specifically to assert any concrete injury." *Mendez*, 2019 WL 2611168, at *4; *see also de Palo v. Countryside Station Ltd. Liab. Co.*, No. 6:12-cv-204, 2012 WL 1231968, at *2–3 (M.D. Fla. Apr. 12, 2012); *Norkunas v. Wynn Resorts Holdings, LLC*, No. 11-cv-1499, 2007 WL 2949569, at *4 (D. Nev. Oct. 10, 2007); *Doran v. Del Taco*, No. 04-cv-00046, 2006 WL 2037942 (C.D. Cal. July 5, 2006); *Steven Brother v. Tiger Partner, LLC*, 331 F. Supp. 2d 1368, 1374–75 (M.D. Fla. 2004).

Accordingly, the motion to dismiss the complaint is GRANTED. While Plaintiff failed to correct the standing deficiencies in his original complaint despite being on placed on notice of the same through Defendant's first motion to dismiss, he will be given one final opportunity to do so. Any request for leave to amend a second time must be accompanied by a proposed Second Amended Complaint that sufficiently resolves the standing issues. Accordingly, the case is dismissed without prejudice. The Clerk of the Court is respectfully requested to close the motion at ECF No. 24.

**SO ORDERED.**

Date: July 6, 2020  
New York, NY

**MARY KAY VYSKOCIL**  
**United States District Judge**